IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHERYL ANN SEPTEMBER LADWIG,	Case No. 16-cv-209-pp

Claimant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Respondent.

**ORDER GRANTING CLAIMANT'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 4)**

On February 23, 2016, Cheryl Ladwig, by her attorney, Lynn Zuehlsdorf-Mack, filed a complaint for review of the final decision of the commissioner of the Social Security Administration. Dkt. No. 1. She also filed a motion to proceed *in forma pauperis*. Dkt. No. 4.

A district court may authorize a claimant to proceed *in forma pauperis*—meaning that she does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the claimant submits an affidavit listing her assets, indicating that she in unable to pay the fee, and stating her belief that she is entitled to the relief she seeks. 28 U.S.C. §1915(a). A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder when it finds that the plaintiff cannot pay the full expenses but can pay part of it. See Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999).

The claimant's Non-Prisoner Request to Proceed in District Court Without Prepaying the Filing Fee indicates the claimant is married and that

1

neither she nor her spouse are employed. Dkt. No. 4 at 1. The claimant receives $83.00 in monthly "tribal income," and her husband receives $1,043 each month in SSD benefits. Id. at 2. The couple pays $415 for rent each month, and spends a total of $1,025 on monthly household expenses. They own a 1998 Buick LeSabre and a GMC pickup truck, each worth $1,500. Id. at 3. They have a bank account containing, at the time of the request, $1,548. Id.

The non-prisoner request to proceed without paying the filing fee contains a section entitled "Other Circumstances." Id. at 4. In this section, the claimant may "[d]escribe any other financial circumstance(s) that [she] would like the Court to consider." Id. On her request form, the claimant states:

> I have money in my checking and savings but I have to pay for LP gas to heat my house. I also have car repairs that are necessary. I also have rent to pay on March 1 from my checking account. My husband is on Social Security Disability. I do not receive any state assistance such as good stamps, because I am Native American. I also have other bills to pay from my savings account. Once I make the repairs, purchase LP gas and pay other bills, I will have no money to pay the filing fee.

Id.

The claimant has monthly income of about $1,126 and monthly expenses of about $1,440. Thus, the information contained in the claimant's request, signed under the penalty of perjury, demonstrates that she does not have enough money to pay her monthly expenses, and so does not have the funds to pay the filing fee.

The next step is for the court to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact.

2

Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)).

A claimant may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Circ. 2013).

In her complaint, the claimant states that the administrative law judge did not properly assess her credibility, did not comply with Social Security regulations when weighing "the opinions of the Plaintiff's treating doctors," did not "provide a residual functional capacity assessment in compliance" with the regulations "for physical and mental impairments," "failed to provide a complete hypothetical to the vocational witness," and did not "consider" the claimant's "progressive disease." Dkt. No. 1 at 4. As a result, the claimant alleges that the ALJ's opinion is not supported by substantial evidence. The court concludes that there may be a basis in law or fact for the claimant's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the claimant's motion to proceed *in forma pauperis*, and **WAIVES** the filing fee (Dkt. No. 4)

Dated in Milwaukee, Wisconsin this 17th day of March, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge